[Docket Entry No. 64]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FRANCISCO ROSARIO, | : | Civil No. 08-5185 (RMB) |
| Plaintiff, | : | |
| | : | **MEMORANDUM ORDER** |
| v. | : | |
| JOHN DOE, et al., | : | |
| Defendants. | : | |

**BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon a motion for summary judgment by Defendant Correctional Medical Services, Inc. ("CMS"). CMS asserts as a basis for summary judgment that Plaintiff Francisco Rosario (the "Plaintiff") did not exhaust administrative remedies prior to bringing this action, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Plaintiff has sought to avoid summary judgment by maintaining that there exists a genuine issue of material fact as to whether he did in fact exhaust. Plaintiff also seeks discovery relating to the exhaustion issue.

Because procedural exhaustion is a threshold issue, it should be resolved before the Court addresses to any other bases that might later be asserted for summary judgment.

This Court has previously held that a court should resolve fact disputes about procedural exhaustion at a pre-trial evidentiary hearing. See Small v. Owens, Civil Action No. 06-

1363 [Docket Entry No. 184].  See also Dillon v. Rogers, 596 F.3d 260, 272 (5th Cir. 2010); Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008); Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003); Bryant v. Rich, 530 F.3d 1368, 1373-75 (11th Cir. 2008).[1]

Accordingly, because the Plaintiff genuinely disputes the exhaustion issue, the Court will deny the pending motion without prejudice and set this matter down for an evidentiary hearing.

**IT IS** on this, the **21st** day of **December 2010**, hereby

**ORDERED** that the Court shall hold an evidentiary hearing to decide the issue of procedural exhaustion on **March 1, 2011, at 10:00 a.m.**, unless Plaintiff promptly advises the Court that the parties have consented to another date that is agreeable to the Court; and

IT IS FURTHER **ORDERED** that the parties shall confer and agree on discovery needed for the hearing.  (To the extent that the parties cannot agree, they shall resolve their disputes with Magistrate Judge Joel Schneider).

IT IS FURTHER **ORDERED** that the parties shall confer and agree to an abbreviated final pretrial order, which shall be

---

[1] As to CMS' arguments relating to the non-federal causes of action, the Court need not address those issues at this juncture.  In the event the Court were to dismiss the federal cause of action, it may decline to exercise supplemental jurisdiction over the remaining state claims.

filed electronically no later than <u>one week prior to the hearing</u>; and

    IT IS FINALLY **ORDERED** that CMS' motions for summary judgment shall be **DENIED WITHOUT PREJUDICE.**

<u>s/Renée Marie Bumb</u><br>
RENÉE MARIE BUMB<br>
UNITED STATES DISTRICT JUDGE